4

United States District Court
Southern District of Texas
FILED

FEB 0 5 2001

Michael N. Milby
Clerk of Court

SIGNED ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff | § | |
| | § | |
| v. | § | CR B-96-314-04 |
| | § | |
| JAVIER MORALES, | § | |
| Petitioner-Defendant | § | |
| (CA B-00-188) | § | |

GOVERNMENT'S ANSWER AND MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT TO MORALES' PLEADING FILED DECEMBER 13, 2000

1.

The court ordered the government to respond to Morales' 28 U.S.C. §2255 motion filed on December 13, 2000 by January 31, 2001. The government moves to dismiss and, in the alternative, moves for summary judgment.

2.

On November 5, 1996, Morales, Orlando Garza, Daniel Bazan, David Bazan, Jorge Luis Garza, Ascencion Garza, Juan Manuel Garza, Jose Oscar Ramirez, Jr., Joel Morales, Jr., John Frederick Moore, Roel Saenz, Jr., Braulio Ramirez a/k/a/ "Big Foot", Efrain Rocha, Agapito Silbuero, Jr., Odell Dimas, Leonel Ramirez, Heriberto Martinez, Efrain Gutierrez and Eden Alan Martinez were charged in CR B-96-314

1

with conspiracy to possess with intent to distribute more than 1000 kilograms of marihuana, committed between January, 1992 and July, 1994, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (count one). Morales, Orlando Garza, Jorge Luis Garza, Jose Oscar Ramirez, Jr., Eddie Joe Solis, Efrain Rocha, Efrain Gutierrez and John Frederick Moore were charged with aiding and abetting the possession with intent to distribute 30.45 kilograms of marihuana, committed on April 22, 1993, in violation of 18 U.S.C. § 2, and 21 U.S.C. 841(a)(1) and 841(a)(1)(D) (count three). Morales, Orlando Garza, Jorge Luis Garza, Jose Oscar Ramirez, Jr., and Joel Morales were charged with aiding and abetting the possession with intent to distribute 122.27 kilograms of marihuana, committed on May 9, 1993, in violation of 18 U.S.C. § 2, and 21 U.S.C. 841(a)(1) and 841(a)(1)(B) (count four). Morales was not charged in count two (Doc. 1).

Pursuant to a plea agreement entered into with the government and on January 2, 1997, Morales pled guilty to count one of the indictment in exchange for the government's agreement to dismiss the remaining charges against him. Morales also agreed to plead guilty in exchange for the government's commitment to allow him to cooperate and provide substantial assistance, and, prior to sentencing, move for a downward departure under USSG §5K1.1 and recommend a six year term of imprisonment (Rearraignment transcript, pp.17-18). Morales was joined in the

2

rearraignment proceedings with codefendants Orlando Garza, Jorge Luis Garza, Ascencion Garza, Jose Oscar Ramirez, Jr. and Braulio Ramirez also entering guilty pleas in conformance with agreement with the government.

The probation department scored Morales at base offense level 34 as a result of more than 3,000 but less than 10,000 kilograms of marihuana attributable to him. The department recommended that he receive a three-level upward adjustment for aggravated role in the offense under USSG § 3B1.1(b) based upon his management and supervision of five or more participants and because the conspiracy was otherwise extensive. It was recommended that he receive a three-level downward adjustment for timely acceptance of responsibility, resulting in a total offense level 34, criminal history I, bearing a punishment range of 151 to 188 months (PSR, ¶¶2-119).

Garza filed written objections to the PSR, complaining that he should not be held accountable for 3,991.68 kilograms of marihuana (8,800 pounds); instead, he argues that only 2,500 pounds were attributable to him, and that his base offense level should be 32 and not 34. He also objected to the aggravated role adjustment, minimizing his involvement in the offense by claiming he should receive a two-level reduction for minor role in the offense. He also faulted the government's failure to file a motion for downward departure (Doc. 359).

3

The probation department responded to the objections (Addendum to the PSR). The probation department observed that information concerning Morales' role in the offense and relevant conduct under the conspiracy was based upon statements made by Morales, Odell Dimas, Jose Oscar Ramirez, Jr., Roel Saenz, Jr., John Frederick Moore, and Joel Morales, Jr. Moreover, Morales' supervisor, Orlando Garza, also cooperated with the authorities, detailing everyone's participation in the conspiracy. The department noted that more than 3,991.68 kilograms of marihuana were shown to have been attributable to Morales, since the conspiracy involved more than just the Bazan Brothers organization (Addendum to the PSR). The department identified Oscar Ramirez, Jr., John Frederick Moore, Roel Saenz, Jr. and Odell Dimas as having been hired by Morales to circumvent the Hebbronville United States Border Patrol Checkpoint (Addendum to the PSR).

At sentencing held on March 14, 1997, the district court found that Morales failed to comply with the terms of the plea agreement. As a result, Morales was sentenced to a 151-month term of imprisonment, followed by a five-year supervised release term. He was ordered to pay $50 in special costs and serve 250 hours of community service during his supervised release term (Doc. 432, 486).

Morales appealed, but succeeded in obtaining a stay pending the disposition of a Fed. R. Crim. P. 35 motion filed in district court (Doc. 582, 594). The district

court denied the Rule 35 motion in an ordered entered on December 4, 1998 (Doc. 603). The appeal proceeded (See Tab 1–Morales' opening brief; Tab 2–government's reply brief; Tab 3–Morales' reply brief). Morales unsuccessfully challenged the district court's findings holding him accountable for more than 3,000 kilograms of marihuana (Doc. 638). *United States v. Morales*, 98-40061 (5th Cir. November 16, 1999). The mandate issued in the case on December 17, 1999. No petition for writ of certiorari was filed.

On December 13, 2000, Morales filed the instant pleading. The government, in response to the court's previous order, files this answer and motion for relief.

3.

### ALLEGATIONS

Morales presents five grounds of error. In ground one, he argues that his guilty plea was involuntary as a result of the inadequate admonishment by the district court concerning the amount of imprisonment time he faced. He also faults trial counsel's failure to advise him about the effect of the amount of contraband attributable to him and an aggravated role adjustment upon his possible sentence. In ground two, Morales argues that counsel's representation was deficient for failing to object to the amount of contraband attributable to him. He also faults the district court's finding on the issue.

In ground three, he faults the three-level enhancement for aggravated role. In ground four, he argues that the indictment did not allege the amount of contraband attributable to him, in violation of *Apprendi v. New Jersey*, 120 S.Ct. 525 (2000) and *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215 (1999). Finally, the ground five, Morales claims the three-level upward adjustment for aggravated role in the offense violated *Apprendi* since it too was not alleged in the indictment.

4.

The government adopts the facts set forth in the PSR and Addenda to the PSR, as well as the rearraignment colloquy in summary of the guilty plea proof. Morales does not challenge the adequacy of proof to support his guilty plea or the voluntariness or validity of his guilty plea, except insofar as it relates to the potential punishment he faced. As a result, no factual summary supporting the guilty plea is necessary for the resolution of the issues here.

In essence, Morales was involved in a marihuana trafficking venture that involved thousands of pounds of marihuana. Following his guilty plea to count one of the indictment under the nonbinding plea agreement, Morales refused to cooperate in conformance with the plea agreement he entered into with the government. Hence, he did not receive the government's recommendation for a downward departure for

substantial assistance. The court also found that Morales breached the plea agreement with the government. That ruling is not subject of any complaint here.

5.

The pleading is timely. The motion is filed less than one year after the conviction was final and after the ten days authorized for the filing of notice of appeal. *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000)(citations omitted).

6.

The thrust of Morales' five grounds for review is premised upon the proposition that sentencing guideline enhancements must be alleged in an indictment under *Apprendi*. This premise is unfounded. "*Apprendi* does not affect a judge's ability to determine the quantity of drugs in formulating the appropriate sentencing range under the Guidelines...." *United States v. Doggett* 230 F.3d 160, 166 n.3 (5th Cir. 2000), *pet. for cert. filed*, no.00-7819 (January 4, 2001); *see also United States v. Meshack*, 225 F.3d 556, 575-76 (5th Cir. 2000)(noting that jury found Meshack guilty of offense with punishment range of 0 to 20 years; 168 month sentence was not enhanced beyond statutory limit "based on a fact not contained in the indictment")(citing *United States v. Aguayo-Delgado*, 220 F.3d 926, 934 (8th Cir.), *cert. denied*, 121 S.Ct. 600 (2000)), *cert. denied*, 121 S.Ct. 834 (2001).

substantial assistance. The court also found that Morales breached the plea agreement with the government. That ruling is not subject of any complaint here.

5.

The pleading is timely. The motion is filed less than one year after the conviction was final and after the ten days authorized for the filing of notice of appeal. *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000)(citations omitted).

6.

The thrust of Morales' five grounds for review is premised upon the proposition that sentencing guideline enhancements must be alleged in an indictment under *Apprendi*. This premise is unfounded. "*Apprendi* does not affect a judge's ability to determine the quantity of drugs in formulating the appropriate sentencing range under the Guidelines...." *United States v. Doggett* 230 F.3d 160, 166 n.3 (5th Cir. 2000), *pet. for cert. filed*, no.00-7819 (January 4, 2001); *see also United States v. Meshack*, 225 F.3d 556, 575-76 (5th Cir. 2000)(noting that jury found Meshack guilty of offense with punishment range of 0 to 20 years; 168 month sentence was not enhanced beyond statutory limit "based on a fact not contained in the indictment")(citing *United States v. Aguayo-Delgado*, 220 F.3d 926, 934 (8th Cir.), *cert. denied*, 121 S.Ct. 600 (2000)), *cert. denied*, 121 S.Ct. 834 (2001).

Morales was charged with conspiracy to possess with intent to distribute more than 1,000 kilograms of marihuana. The punishment range for that offense was ten years to life. 21 U.S.C. § 841(b)(1)(A). Morales was advised of that punishment range at rearraignment, and he acknowledged the same (Rearraignment transcript, pp. 33-34). When the government advised the court that Orlando Garza's organization was responsible for transporting at least 50,000 pounds of marihuana, the court ordered the government to submit a written proffer concerning the amount of contraband involved in the offense as to each defendant (Rearraignment transcript, pp. 47-51). The government complied (Doc. 327). In addition to the proffer regarding amount of drugs attributable to Morales and the others, the government made a proffer concerning Morales' aggravated role in the offense, noting that he should be responsible for 3629 to 7257 kilograms of marihuana (Doc. 327). Morales objected to the aggravated role recommendation and the contraband quantity attribution (Doc. 338).

The court held a hearing on the issue. The court's findings, as supported by the record, were set forth in the PSR (Doc. 338; PSR, ¶85-88; Addendum to the PSR) Morales was sentenced to 151 months, well under the statutory maximum punishment range. . *See United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000); *United States v. Meshack* 225 F.3d 556, 575-76 (5th Cir. 2000) (citing *Apprendi*, 120 S.Ct. at 2362-

63), *cert. denied*, 2001 WL 13025 (January 8, 2001); *United States v. Keith*, 230 F.3d 784, 786-87 (5th Cir. 2000)(citations omitted)(drug case where 20 year sentence fell within statutory range of 30 year maximum). Hence, the imposition of a sentence within the statutory maximum and in reliance upon the sentencing guideline scores was reasonable. *See United States v. Sheppard*, 219 F.3d 766, 768 (8th Cir. 2000)(citing *Aguayo-Delgado*, 220 F.3d at 933("Aguayo-Delgado's sentence, 240 months imprisonment and ten years' supervised release, therefore is within the statutory range allowable for conspiracy to distribute methamphetamine regardless of drug quantity, considering his prior drug conviction.")); *see and compare Meshack*, 225 F.3d at 576(direct appeal); *Hernandez v. United States*, 226 F.3d 839, 840-41(7th Cir. 2000)(on dismissal of successive § 2255 petition); *United States v. Gerrow*, 232 F.3d 831, 834-35 (11th Cir. 2000); *United States v. Rogers*, 228 F.3d 1318 (11th Cir. 2000) (where (1) government abandoned reliance upon 21 U.S.C. § 851 enhancement; and (2) issue of quantity-of-drugs-attributable-to-defendant-to-be-determined-by-jury was preserved by objection at sentencing and reviewed on direct appeal); *Keith*, 230 F.3d at 786-87 (involving analysis of 21 U.S.C. §841(b)(1)(A, C) and embracing *Aguayo-Delgado*). Morales' 151-month sentence under count one fell *below* the applicable, statutory range. *See Meshack*, 225 F.3d at 576. Thus, no error

has been shown under *Apprendi. Accord Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000)(listing cases).

Finally, this analysis applies equally to the substantive complaints in ground of error three, four and five. The sentencing enhancements need not be alleged under *Apprendi*.

### 7.

As for issue one, the court properly admonished Morales as to the punishment range he faced. Morales understood that admonishment and did not raise the issue on direct appeal. The suggestion that the sentencing guidelines gave Morales expanded rights to receive sentencing information prior to pleading guilty in conformance with Fed. R. Crim. P. 11 has been rejected by the courts. It is well-settled that a guilty plea is knowingly and voluntarily made where a defendant understands (1) the nature of the charge against him, (2) the mandatory minimum and maximum sentences he could receive, (3) what constitutional rights are waived by the entry of the plea, and (4) that his answers made under oath may be used against him. Fed. R. Crim. P. 11(c)(1); *United States v. Reyna*, 130 F.3d 104, 107 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1328 (1998) (nature of charge admonishment); *United States v. Vasquez-Bernal*, 197 F.3d 169, 170 (5th Cir. 1999)(citing rules), *cert. denied*, 120 S.Ct. 966 (2000); *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)"The consequences of a guilty

plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences.")(citations omitted).

Notwithstanding any error or omission made by counsel in advising Morales about the potential punishment range he faced under the guidelines (and no error is alleged or proven), the district court's admonishments were adequate to satisfy the requirement that Morales' guilty plea was voluntarily and knowingly entered. The court warned Morales, *inter alia*, about the maximum and minimum punishments and the uncertainty about guideline applications (Rearraignment transcript). *See United States v. White*, 912 F.2d 754, 756 (5th Cir. 1990) (and its progeny); *Pearson*, 910 F.2d at 223 ("That the court did not advise Pearson of the applicability of Guideline § 4B1.1 does not violate Rule 11(c)(1).").

In fact, in some circuits, it is recommended that the district court NOT discuss specific sentencing guideline ranges during the rearraignment plea colloquy because of the uncertainty of the scoring. *See United States v. Good*, 25 F.3d 218, 223 (4th Cir. 1994) ("Given the complexity of guideline sentencing and the number of variables that may affect a final calculation, the safer practice is to avoid discussing specific ranges at all during a plea colloquy. 'Any estimate of the guideline range

that this district court would give in advance of the presentence report might well turn out to be misleading and could be the basis for a contention that the guilty plea should be invalidated.'"(quoting *United States v. Henry*, 893 F.2d 46, 48-49 (3rd Cir. 1990)); *United States v. Andrades*, 169 F.3d 131, 134 (2d Cir. 1999); *United States v. Maree*, 934 F.2d 196, 201 (9th Cir. 1991)("In a practical sense, it would be impossible for a court to inform a defendant of the minimum sentence available under the Guidelines. The presentence report, which is not prepared prior to the entrance of a guilty plea, is essential to the court's formulation of the relevant sentencing factors."); *United States v. Mosley*, 173 F.3d 1318, 1327 & n.11 (11th Cir. 1999)(citing *Maree* and *Pearson*).

As the aforementioned cases reflect, any possible deficiency in representation, by failure to discuss a specific guideline application, is rendered harmless by the admonishment of the potential statutory sentencing range. Thus, adherence to these rules restrict any attorney's ability to inject reversible error into the case with unchallenged remarks where Rule 11 is otherwise satisfied.

8.

Turning to ground of error two, Morales argues that trial counsel failed to object that he be held responsible for only 5,400 pounds (and hence, a base offense level 32). Morales in fact filed such objection (Doc. 359). Even if an objection had

12

been lodged against the court's adoption of the facts set forth in the PSR as somehow "inadequate", Morales does not identify here how reliance upon coconspirator evidence and additional proof (including his concession that he was responsible for at least 2500 pounds of marihuana) was misplaced or that the information was materially untrue. He also offers no rebuttal evidence. *See United States v. Samuels* 59 F.3d 526, 530 (5th Cir. 1995)(addressing substantive claim in §2255 action); *see also United States v. Glinsey*, 209 F.3d 386, 393-94 (5th Cir. 2000)(on direct appeal)(citing *United States v. Rodriguez* 897 F.2d 1324, 1328 (5th Cir. 1990)).

Moreover, the Fifth Circuit found that there had been any showing that clear error had been made in the explicit findings made by the district court or in its adoption of the PSR, citing *United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir. 1994) and *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996) (Doc. 638). Issues raised and rejected on direct appeal need not be entertained on collateral attack. *United States v. Kalish*, 780 F.2d 506 (5th Cir. 1986)(See Tabs 1 thourgh 3). No attorney error or prejudice has been shown. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984)). *See also Glover v. United States*, 531 U.S. at _ _, no. 99-8576 (January 9, 2001)(discussing factors to consider in evaluating claim of demonstrate prejudice).

13

9.

To the extent his complaints relate to defects in the charging instrument itself, the absence of allegation of sentencing enhancements do not constitute jurisdictional defects. Hence, the substantive complaints were waived by Morales' valid guilty plea. *See United States v. Guzman-Landeros*, 207 F.3d 1034, 1035 (8th Cir. 2000); *United States v. Henderson*, 72 F.3d 463, 464-65 (5th Cir. 1995); *United States v. Melancon*, 972 F.2d 566, 567-70 (5th Cir. 1992). Counsel was not ineffective for arguing a frivolous claim at sentencing in light of the validity of Morales' voluntary and knowing guilty plea.

Moreover, issues not raised in the proceedings prior to the filing of a motion to vacate sentence cannot be raised for the first in a collateral attack. *See Flores v. Johnson*, 210 F.3d 456, 457 (5th Cir. 2000)(citing, *inter alia*, *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989)). To obtain post-conviction relief in a collateral attack, a defendant must show either (1) cause excusing his procedural default and actual prejudice resulting from the alleged error, *see United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982), or (2) that he is actually innocent. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).

The cause-and-prejudice standard is met by allegation and proof of ineffective assistance of counsel. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

"'Actual innocence' means 'factual innocence, and not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998); *United States v. Torres*, 163 F.3d 909, 911 n.9 (5th Cir. 1999). To prove actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no fact finder] would have convicted him." *Id.* (citations and quotations omitted).

Morales failed to allege cause and prejudice for the consideration of claims he voluntarily and validly waived when he negotiated his guilty plea to count one of the indictment. As a result, he must show cause and prejudice for failing to preserve the sentencing issues and any complaints concerning district court rulings.

He fails on both counts. A post-conviction motion to correct or vacate a sentence under § 2255 "is reserved for the transgression of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Palomo*, 80 F.3d 138, 140 n.3 (5th Cir. 1996) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)); *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1993) (quoting *United States v. Shaid*, 937 F.2d 228, 232 n.7 (5th Cir. 1991) (en banc)). (quoting *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982)). Inasmuch as no direct appeal occurred, he is procedurally barred

from raising the sentencing guideline claims and the purported district court errors that are not of jurisdictional or constitutional dimension. As for the ineffective assistance of counsel claims, those are substantively insufficient to demonstrate cause and prejudice under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984)). *See also Glover v. United States*, 531 U.S. at __, no. 99-8576 (January 9, 2001)(discussing factors to consider in evaluating claim of demonstrate prejudice).

Here, no attorney error has been demonstrated. An indictment need not include sentencing enhancements to be valid.

No prejudice can be shown either. *See Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993) (where there is a "reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh."); *Glover*, no. 2001 WL 15331 (citing *Spriggs* favorably); *see and compare United States v. Phillips*, 210 F.3d 345, 351 (5th Cir. 2000)(holding that prejudice is shown where increase is attributable to attorney's errors). Morales understood that he could receive a sentence not greater than life (he received 151 months). The court properly admonished him concerning the punishment range ( a circumstance that he does not claim counsel failed to provide to him). The Fifth Circuit upheld the finding concerning the amount of drugs attributable to him. No rebuttal evidence to the information developed from Morales' coconspirators has been identified--even on

collateral attack–relating to the amount of contraband attributable to him. Likewise, no rebuttal evidence is proffered to refute proof of Morales' aggravated role in the offense. Hence, no prejudice is shown. No attorney deficiency or prejudice from counsel's representation has been demonstrated. *See and compare United States v. Hargrove*, 201 F.3d 966, 970 (7th Cir. 2000)("[T]he question on [review] is whether defense counsel can be categorized as ineffective for not objecting to a judge's sentencing decision that is determined, on appeal, to be correct. As cases like [*United States v.]Boyles*, [57 F.3d 535, 537 (7th Cir. 1995)], *United States v. Draves*, 103 F.3d 1328, 1335-36 (7th Cir.[1997])[], and *United States v. Allender*, 62 F.3d 909, 915 (7th Cir. 1995) hold, the answer is no.").

10.

Morales alleges no facts which would be the proper subject of a motion to correct sentence, vacate the judgment, or which would warrant an evidentiary hearing under either 28 U.S.C. § 2255. Therefore, the government moves for dismissal, or in the alternative, summary judgment.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the government respectfully prays that Moran's §2255 petition be dismissed, or in the alternative, denied by summary judgment.

Respectfully submitted,
MERVYN M. MOSBACKER
United States Attorney

JAMES L. TURNER
Chief, Appellate Division
Assistant United States Attorney

_____
JEFFERY A. BABCOCK
Assistant U.S. Attorney
P.O. Box 61129
Houston, Texas 77208-1129
Texas Bar No. 01481400
(713) 567-9201

## CERTIFICATE OF SERVICE

I, Jeffery A. Babcock, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, January 31, 2001, addressed to:

Javier Morales
No. 73464-079
Satellite Prison Camp
PO Box 4300
Three Rivers, TX 78071-4300

_____
Jeffery A. Babcock
Assistant U.S. Attorney