5

United States District Court
Southern District of Texas
ENTERED

JUN 1 3 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| JAVIER MORALES, | § | |
|    Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-00-188 |
| VS. | § | |
| | § | CRIMINAL NO. B-96-314-04 |
| UNITED STATES OF AMERICA, | § | |
|    Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Javier Morales ("Morales") has filed a pro-se Petition pursuant to 28 U.S.C. § 2255 (Docket No. 1) seeking to have his 151 month term of imprisonment set aside. The government has filed an answer incorporating a Motion to Dismiss and a Motion for Summary Judgment (Docket No. 4) which for the reasons set forth below should be granted.

## BACKGROUND

According to the Statement of the Case contained in Morales' Memorandum of Law (Docket No. 2) he, along with several others was indicted on November 4, 1996, and charged with violations of 21 U.S.C. § 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2. In summary, the charges against Morales involved a large quantity of marihuana and a conspiracy extending over several years. On January 2, 1997, Morales pleaded guilty to Count 1 of the indictment. The government agreed to dismiss the remaining two counts of the indictment at the time of sentencing.

Morales' Memorandum of Law then goes in to a lengthy and irrelevant discussion of the facts of the case. He neglects to discuss the balance of the plea agreement which is outlined in the government's answer.

In pleading guilty, Morales agreed to cooperate and provide substantial assistance. The government in return promised to move for a USSG § 5K1.1 downward departure and agreed to recommend a six year term (Rearraignment transcript in Cr. B-96-314-04 pp. 17-18).

At his sentencing hearing held on March 14, 1997, the trial court found that Morales had not complied with the plea agreement. Morales was sentenced to 151 months confinement, the low end of the guideline range found by the probation department to apply to Morales (PSR paragraphs 2-119).

Morales appealed. His sentence was affirmed in *United States v. Morales*, 98-40061 (5th Cir. November 16, 1999).

## THE § 2255 PETITION

Morales complains that his counsel was ineffective in the following particulars:

1. At sentencing for failing to argue that the three level upward adjustment for his role as an organizer was incorrect, since he was actually a minor participant.

2. For failing to argue that there was an inconsistency between the PSR and sentencing court as to the amount of drugs "...reasonably foreseeable to petitioner."

3. For failing to argue that the three level adjustment for being an organizer was not alleged in the indictment, submitted to the jury and proven beyond a reasonable doubt.

4. For failing to argue that the drug quantity was an element of the offense which should have been alleged in the indictment.

Although it is not entirely clear, Morales also seems to be making an argument that the Fed. R. Cr. P. 11 colloquy did not adequately advise him of the nature of the offense. In effect this is Morales Apprendi[1] argument.

---

[1] *Apprendi v. New Jersey*, 530 U.S. 566 (2000).

## RECOMMENDATION

All of Morales' claims are predicated on his view that *Apprendi* requires that drug quantities which are used to enhance the sentencing guidelines must be alleged in the indictment and proven beyond a reasonable doubt. *Apprendi* does not go so far. Morales was charged with a conspiracy to possess with intent to distribute a quantity of marihuana in excess of 1,000 kilograms in violation of 21 U.S.C. § 841(b)(1)(A). The statutory punishment range for that offense is ten years to life. When he pled guilty, he was advised of that punishment range and acknowledged that he understood it (Rearraignment transcript pp. 33-34).

After reviewing the Pre Sentence Report, Morales objected to the conclusion that he played an aggravated role and the quantity of drugs involved. The court held an evidentiary hearing on those issues and made findings which are set forth in the Pre Sentence Report. Morales was sentenced to 151 months, well within the guideline range and substantially less than the statutory maximum.

Morales' *Apprendi* arguments are foreclosed by the recent Fifth Circuit opinion in *United States v. Keith*, 230 F.3d 784, 787 (5th Cir. 2000) *cert. denied* ----U.S.----; 1121 S.Ct. 1163 (February 20, 2001). In that case, the court held (787) "...a fact used in sentencing that does not increase a penalty beyond the statutory maximum need not be alleged in the indictment and proved to a jury beyond a reasonable doubt."

Morales' ineffective assistance of counsel claims are factually inaccurate. He was in fact admonished by the district court as to the range of punishment at the time of his guilty plea. He acknowledged that he understood the range. Fed R. Cr. P. 11 requires no more.

Morales' attorney did in fact object to the quantity of marihuana involved.

Finally, Morales' guilty plea waived most of his complaints. He is not arguing actual

3

innocence. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Morales faults his attorney for not raising *Apprendi* arguments which had not merit. These claims do not pass the *Strickland* test.[2] The claims are frivolous.

IT IS THEREFORE RECOMMENDED that the government's Motion to Dismiss be **GRANTED**. IT IS FURTHER RECOMMENDED that Javier Morales' Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 12th day of June, 2001.

_____
John Wm. Black
United States Magistrate Judge

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).