UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 27 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § Respondent, § | |
| § | Civil Action No. B-00-188 |
| vs. § | |
| § | Criminal Case No. B-96-314-04 |
| JAVIER MORALES, § | |
| § Petitioner. § | |

PETITIONER'S OBJECTIONS TO FINDINGS AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE
DATED JUNE 13, 2001

**COMES NOW JAVIER MORALES,** Petitioner, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1), hereby makes the following written Objections to the Findings and Recommendation of the United States Magistrate Judge, dated June 13, 2001 styled "Magistrate Judge's Report and Recommendation" hereafter generally referred to as the "Recommendation."

INTRODUCTION

Petitioner was indicted and charged with violations of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. On January 2, 1997, Morales pleaded guilty to Count one of the Indictment. On or about December, 2000, petitioner sought relief in this Court pursuant to the provisions of 28 U.S.C. § 2255 on the ground that his sentence of 151 months for the offense of conspiracy to possess with intent to distribute marijuana in excess of 1,000 kilograms in violation of 21 U.S.C. § 841(b)(1)(A).

-1-

Petitioner asserts that his sentence imposed of 151 months was in contravention of the Rule set forth by the United States Supreme Court in the case of **Apprendi v. New Jersey, supra,** because: (a) his guilty plea was unknowingly, and unintelligently; (b) his role as an organizer in the conspiracy was not warranted, since he was minor participant; (c) the three-level adjustment for role in the offense should have been included in the indictment; (d) his sentence of 151 months was enhanced beyond the (10) year mandatory minimum. This Court referred the Section 2255 to the Honorable United States Magistrate Judge, John Wm. Black, who, by Order dated June 13, 2001, made findings and recommended that the motion be denied.

## PETITIONER'S OBJECTIONS

Petitioner respectfully submits that the Honorable United States Magistrate Judge Black, erred with respect to the law and as to his recommendation, and Petitioner objects as follows:

1. Petitioner objects to the following statements in the Recommendation: This claim of error is a rehash of the argument submitted by the United States Attorney's Office. The Recommendation has failed to refute petitioner's argument that he was not a leader or organizer in the conspiracy; the Recommendation failed to refute petitioner's argument that the three-level enhancement should have been charged in the indictment and proved beyond a reasonable doubt; failed to refute petitioner's argument that the quantity of drugs for which petitioner was sentenced were not reasonable foreseeable to him; and that his sentence of 151 months sentence was in violation of Apprendi.

2. The Recommendation is incorrect that counsel was not ineffective, instead, the Recommendation insists that petitioner's claims of ineffective assistance of counsel are factually inaccurate. The Magistrate's Recommendation based his argument around petitioner's claim that his guilty plea was unknowingly, and unintelligently. The Recommendation has failed to refute petitioner's other aruments, which give great weight to the instant case for relief.

3. Petitioner respectfully submits, that the Recommendation misconstrued the holdings in **United States v. Keith**, In this case, the sentence did not exceed the maximum authorized by law, was, in fact, a statement that the sentence was within the range permitted by law; and since there was no enhanced penalty, Apprendi v. New Jersey, supra, was not applicable. Such is not what occurred in the case at bar. The Recommendation has failed to refute petitioner's argument that Apprendi is applicable to the instant case, and its Recommendation should not be well-taken. The Recommendation at 3, states that Morales faults for his attorney for not raising Apprendi argument which had not merit and do not pass the Strickland test, is inexplicable. How the Magistrate's Recommendation comes to this conclusion is unclear.

However, one thing is clear, that the Recommendation has failed to refute petitioner's arguments in support of his motion to vacate pursuant to § 2255; and therefore, should not be well-taken. What occurred in this case, was that under Apprendi petitioner should be granted relief and be resentenced to a (10) year mandatory minimum sentence.

-3-

**WHEREFORE,** there is no question that Apprendi v. New Jersey applies to the case at bar. There is no requirement that the United States Supreme Court must have held <u>Apprendi</u> to be applicable retroactively, and this Court is, therefore, free either to consider the holding in Apprendi to be substantive, and therefore, applicable retroactively under Bousley v. United States, supra; or to apply the retroactivity test of Teague v. Lane, supra, and to hold Apprendi retroactive, and to grant petitioner the relief requested in his opening brief, and that the Magistrate's Recommendation be not well-taken.

Respectfully Submitted

*Javier Morales*

Javier Morales
ID# 73464-079
FPC-Uvalde Unit
P.O. Box 4300
Three Rivers, Texas 78071

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing petitioner's objections to the Magistrate's Report and Recommendation have been forwarded on this the <u>21st</u> day of June, 2001, via certified mail with return receipt requested to the Office of the Clerk, United States District Court, Southern District of Texas, 600 E. Harrison St. #101, Brownsville, Texas 78520.

*Javier Morales*

Javier Morales