

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 0 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| vs. § | Civil Action No. B-00-188 |
| § | |
| JAVIER MORALES, § | Criminal No. B-96-CR-96-41404 |
| § | |
| Defendant-Petitioner. § | |

### NOTICE OF APPEAL WITH REQUEST FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S.C. § 2253(c)(2), and Fed.R.App.P. 22(b)

**COMES NOW JAVIER MORALES,** your Petitioner, herein, who respectfully moves this Honorable Court in this his Notice of Appeal with Request for issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(2), and Fed.R.App.P. 22(b). In support thereof, petitioner would show unto the court as follows:

### JURISDICTION

Jurisdiction is invoked upon this Honorable Court to grant a petitioner his request for issuance of a (COA) from the order of the district court dismissing petitioner's motion to vacate, dated July 10, 2001. Jurisdiction is vested upon this court pursuant to Title 28 U.S.C. § 2253(c)(2), and Fed.R.App.P. 22(b).

Petitioner believes there is an issue of first impression that must be reviewed by the Fifth Circuit Court of Appeals. Petitioner asserts that his sentence imposed of 151 months was in contravention of the Rule set forth by the United States Supreme Court in **Apprendi v. New Jersey**. Petitioner raises the following grounds for relief.

1. Ineffective Assistance of Counsel.

2. Petitioner's guilty plea was not intelligently done.

3. Relevant Conduct. Drug quantity was not submitted as an element of the offense to petitioner's instant offense. There was inconsistency between the amount of drugs which were reasonable foreseeable to the petitioner.

4. The three-level enhancement for petitioner's role in the offense as an organizer should have been charged in the indictment, submitted to the grand jury/jury, and proved beyond a reasonable doubt. Such is not the case here.

5. Apprendi applies to the Sentencing Guidelines, and to the case at bar.

The District Court's order is incorrect that petitioner's objections to the Magistrate's Recommendation are untimely. The Recommendation was sent to Houston, then to the petitioner which petitioner received on June 20, 2001, a week later. Petitioner filed his objections on June 21, 2001, and submitted them in the U.S. Mail at 7:00 a.m. for delivery. For the district court to assert that petitioner's objections are untimely is inexplicable.

**WHEREFORE,** petitioner prays that his notice of appeal be granted pursuant to § 2253(c)(2) and Fed.R.App.P. 22(b).

                                    Respectfully Submitted

                                    Javier Morales
                                    ID# 73464-079
                                    FPC-Uvalde Unit
                                    P.O. Box 4300
                                    Three Rivers, Texas 78071


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing petitioner's notice of appeal with request for issuance of a certificate of appealability has been sent on this the <u>13th</u> day of July, 2001 via certified mail with return receipt requested to the Office of the Clerk, United States District Court, Southern District of Texas, Brownsville Division, 600 E. Harrison St., #101, Brownsville, Texas 78520.

                                    Javier Morales

-3-